Wussow, Appellant, vs. Hase, imp., Respondent.

*November 19 — December 7, 1900.*

*Contracts: Construction: Liability of surety: Parol evidence: Appeal: Immaterial error: Evidence.*

1. One S. agreed to run a saloon and restaurant for plaintiff on premises leased by the latter, to purchase all goods thereafter needed in plaintiff's name, to pay all expenses and accounts of the business

Wussow vs. Hase.

excepting the rent, which was to be paid by plaintiff, and to pay to plaintiff $75 monthly. By a bond reciting such agreement and given to secure its performance by S., the defendant H. undertook to save plaintiff harmless from "all bills, accounts, or obligations herein mentioned, *except rent.*" *Held:*

    (1) H. was not liable to plaintiff on the bond for the stock on the premises, purchased from him by S. at the time the latter went into possession.

    (2) The words "except rent," in the bond, construed in the light of the situation of the parties at the time it was executed, and of their acts under it, refer to the stipulated monthly payment of $75.

2. Parol evidence is inadmissible to show what the understanding of the parties was prior to the execution of a written contract, but where any of its provisions are ambiguous — as where the subject matter of an exception therein is not fully identified — extrinsic evidence is admissible to place the court in the position of the parties at the time the contract was executed, and also to show their acts under it, in order that the true meaning of the language used may be ascertained.

3. Where a cause is tried by the court, the admission of improper evidence will not work a reversal if there is sufficient competent evidence to support the findings.


APPEAL from a judgment of the superior court of Milwaukee county: J. C. LUDWIG, Judge. *Affirmed.*

The plaintiff sues to recover the sum of $670.51, claimed to be his due upon a bond executed to him by the defendants, the condition of which is as follows: " The condition of this obligation is such that whereas the said *J. H. Wussow* has this day entered into an arrangement or agreement with the said John Slensby by the terms of which the said John Slensby is to run for him, the said *J. H. Wussow*, a saloon and restaurant in the premises known as No. 179 West Water street, in the city of Milwaukee, until the first day of May, 1896; the said John Slensby to purchase everything by way of stock necessary for said business for and in behalf of and in the name of the said *J. H. Wussow*, and to conduct said business by and in the name of the Commercial Sample Room at said place and during said time, and to pay

all expenses and accounts of said business (excepting the rent, which is to be paid by said *J. H. Wussow*), and to pay to the said *J. H. Wussow* the sum of seventy-five dollars for each and every month during the continuance of said agreement; the balance over and above such expenses and payments to be and belong to the said John Slensby as and for his salary or earnings on account of the performance of his duties as herein mentioned. And if the said John Slensby shall at all times during the continuance of this agreement keep and maintain the said place of business in a good and orderly manner for the said *J. H. Wussow*, and not in any manner conflict with any provisions of law, and shall from time to time comply with all the provisions of the agreement herein mentioned, then this obligation to be void, otherwise to be and remain in full force, virtue, and effect; the said *Henry Hase*, by way of penalty to this bond, to pay, and to hold harmless said *J. H. Wussow* from, all bills, accounts, and obligations herein mentioned, except rent." Of the amount claimed by plaintiff, $170.51 was for merchandise purchased of plaintiff by Slensby, and the remainder was the balance due on the $75 monthly payments mentioned in the bond.

The case was tried by the court without a jury. Upon the trial the court held that it could not be clearly gathered from the bond just what the words " except rent " referred to, and he admitted testimony showing the situation of the parties and identifying the payment to which they referred. The court found that plaintiff had rented the premises, with a covenant against subletting, and had taken out a saloon license, which would expire May 1, 1896. The business was not profitable. So, to avoid greater loss, and also to avoid possible trouble with his landlord, he entered into an agreement with Slensby to conduct the business in the name of plaintiff, and he (Slensby) was to pay him $75 per month as rent for the use of the premises. The bond was taken to

secure plaintiff from any loss that might occur from Slensby's purchasing goods for the business and not paying for them. The court further found that Slensby owed plaintiff $125 for goods he had purchased from plaintiff, which was not covered by the bond, and also the sum of $500, which was due on the monthly payments mentioned in the bond, which was for rent, and for which the defendant *Hase* was not liable. Judgment was entered in favor of plaintiff and against Slensby for the amounts above stated and interest, and in favor of defendant *Hase*, dismissing the action with costs. The plaintiff appeals from that portion of the judgment last mentioned.

For the appellant there was a brief by *Winkler, Flanders, Smith, Bottum & Vilas*, and oral argument by *E. P. Vilas*.

For the respondent the cause was submitted on the brief of *Christian Doerfler*.

BARDEEN, J. Two questions are raised: (1) Is the defendant *Hase* liable to plaintiff on his bond, for the stock on the premises, purchased by Slensby from plaintiff at the time he went into possession? Was parol evidence admissible to enable the court to properly construe the contract of suretyship?

Concerning the first question there is little ground for debate. Slensby's engagement was to run the saloon and restaurant business for plaintiff, to purchase all goods thereafter needed in his name, and to pay all expenses and accounts. *Hase* undertook to save plaintiff harmless from all bills, accounts, or obligations mentioned in the bond. The goods turned over by plaintiff to Slensby are not mentioned. By a fair construction of the bond, *Hase* was only bound to save the plaintiff harmless from all bills or accounts which Slensby might contract in plaintiff's name to carry on the business. The first item sued for was clearly not within the terms of his undertaking.

Wussow vs. Hase.

As regards the second question, it is clear that any one reading the bond would be unable to identify with certainty just what item included therein was referred to in the exemption clause. No item that Slensby was to pay was specifically denominated rent. True, it appears that Slensby was to make stated monthly payments. Considering the context, the natural inference would be that Slensby was to pay the sum specified for the use of the premises. The evidence offered sets the matter entirely at rest. The court finds that these payments were to be for rent, and there is ample evidence to support it. The plaintiff seems to have so understood it, and his bills rendered to Slensby call for payments of rent. While on the stand as a witness he at first referred to it as rent, but later called it profits. It makes no difference, however, whether it be called rents or profits, if in fact it was rent and was so understood by the parties at the time the bond was drawn.

It is argued by plaintiff that parol evidence was not admissible to show what the understanding of the parties was prior to the execution of the bond. That is undoubtedly true, and very much of the testimony received by the court was inadmissible on that ground. But in a trial by the court the admission of improper evidence will not reverse the judgment if there is sufficient competent evidence in the case to support the findings. It is a cardinal rule in the construction of contracts that effect is to be given to all of the language used, if possible. The bond in suit attempted to fix and establish the liability of *Hase* to plaintiff. He was to pay all bills, accounts, and obligations mentioned, except rent. The words "except rent" must be construed to refer to something Slensby was to pay, else they would be meaningless. In that respect the bond is ambiguous. It is impossible to say with certainty to just what obligation mentioned to be performed by Slensby these words refer. In other words, the subject matter of

this exception is not fully identified. In such a case it was the duty of the court to place itself in the situation of the parties to the instrument, by means of extrinsic evidence, in order that the true meaning of the language used might be ascertained. It was also proper to receive evidence to identify the subject matter of the exception. Jones, Ev. § 455; 1 Beach, Mod. Law Cont. § 581. See *Hurley v. Brown*, 98 Mass. 545. Another aid to the court in ascertaining the fact in doubt was evidence of the acts of the parties under the contract. We think the evidence clearly shows that the exception mentioned referred to the stipulated monthly payments to be made by Slensby, and that the court's findings in that regard must be sustained.

*By the Court.*— The judgment is affirmed.